UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cr-00004-FDW-DSC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| ELIZABETH RECILLAS HERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER comes before the Court on Defendant Elizabeth Recillas Hernandez's Motion for Hardship Credit. (Doc. No. 32). For the reasons that follow, Defendant's Motion is **DENIED**.

*Assuming*, *without deciding*, Defendant has exhausted her administrative remedies, Defendant's Motion is still improper before this court. 18 U.S.C. § 3582(c) provides that a district court may *not* modify a term of imprisonment once it has been imposed except in certain situations. The exceptions include modifications upon motion of the Director of the Bureau of Prisons, modifications expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure, and reductions based on sentencing ranges that have been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o). See 18 U.S.C. § 3582(c); Fed. R. Crim. P. 35; 28 U.S.C. § 944(o).

In this case, the Court has no authority to modify the Defendant's sentence on the basis asserted. Defendant does not provide any basis to modify the Defendant's sentence as it (1) is not upon motion of the Director of the Bureau of Prisons, (2) is not provided for under the Federal

1

Rule of Criminal Procedure 35 to correct a clear error within fourteen days after sentencing or to reduce a sentence for substantial assistance, and (3) is not a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). Defendant's motion pertains to what she describes as "cruel and unusual punishment" in violation of the Fifth Amendment, Eighth Amendment, and Fourteenth Amendment. See (Doc. No. 32, p. 3). But the constitutional protections and standards of these Amendments are not applicable to the compassionate release analysis under 18 U.S.C. § 3582(c). See United States v. Butler, No. 16-54-RGA, 2020 WL 3207591, at *3 (D. Del. June 15, 2020) (stating that defendant's contention that BOP officials have mishandled the COVID-19 crisis and are violating the inmates' Eighth Amendment rights does not provide a basis for compassionate release); United States v. Statom, No. 08-20669, 2020 WL 261156, at *3 (E.D. Mich. May 21, 2020); United States v. Rodriguez-Collazo, No. 14-CR-00387, 2020 WL 2126756, at *3 (E.D. Pa. May 4, 2020) ("Defendant contends that the current conditions at Elkton FCI violate his Fifth and Eighth Amendment rights. However, these claims—which the Court construes as challenging the execution of his sentence at Elkton FCI—are not properly brought in a motion for compassionate release[.]"); United States v. Numann, No. 3:16-CR-00025-TMB, 2020 WL 1977117, at *4 (D. Alaska Apr. 24, 2020) (explaining that "claims relating to the manner and conditions of confinement ... are not properly brought in a motion for compassionate release").

To the extent Defendant is challenging the execution of her confinement and seeks earlier release from custody due to alleged Fifth Amendment, Eighth Amendment, or Fourteenth Amendment violations, she should file a petition seeking habeas corpus relief under § 2241. That petition must be filed in the district of confinement. See generally United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004) (holding that the district court in which the defendant filed his § 2241 was

not the proper venue because it was not the district of confinement.)[1]

IT IS, THEREFORE, ORDERED, that the Defendant's *pro se* Motion for Hardship Credit (Doc. No. 32) is **DENIED**.

IT IS SO ORDERED.   Signed: April 28, 2021

Frank D. Whitney
United States District Judge

---

[1] Defendant is confined in FCI Aliceville, which is located in the Northern District of Alabama.